UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 15 |
| Premier Assurance Group SPC Ltd., | Case No. 20-20230-RAM |
|     Debtor in a Foreign Proceeding. | |
| _____/ | |
| JEFFREY STOWER and JASON ROBINSON, as Foreign Representatives of PREMIER ASSURANCE GROUP SPC LTD, | |
|     Plaintiffs, | |
| v. | Adv. No. 22-01259-RAM |
| LYNCPAY LLC, PREMIER ASSURANCE ADVISORS LLC, PREMIER ASSURANCE GROUP, LLC, PA GROUP ADMINISTRATION CORP., PA MARKETING LTD., PREFERRED BUSINESS SERVICES, INC., PROVIDENCE INSURANCE COMPANY, I.I acting for and on behalf of protected cell PREMIER ASSURANCE SEGREGATED PORTFOLIO PUERTO RICO SAP, BEAST CAPITAL LLC, LEONARDO L. CORNIDE, JORGE E. FALCON, AND JAVIER JIMENEZ (also known as JAVIER JIMENEZ, JR.), | |
|     Defendants. | |
| _____/ | |
| JEFFREY STOWER and JASON ROBINSON, as Foreign Representatives of PREMIER ASSURANCE GROUP SPC LTD, | |
|     Plaintiffs, | |
| v. | Adv. No. 22-01260-RAM |
| LEONARDO L. CORNIDE, individually and as Trustee of The Falcon Family Irrevocable Trust, JORGE E. FALCON individually and as Trustee of | |

The Cornide Family Irrevocable Trust, JAVIER
JIMENEZ (also known as JAVIER JIMENEZ, JR.),
ANDRES ALOS, ALEXANDER GUERRA, as
Trustee of the Andres Alos Family Irrevocable Trust,
SILVERBACK CAPITAL PARTNERS LLC, BEAST
CAPITAL LLC, 117 ALBATROSS LLC, 301 DALE
LLC, 900 DALE LLC, 975 DALE LLC,
PREFERRED BUSINESS SERVICES INC., PA
MARKETING LTD., 45 SBH LLC, 1736 SBH LLC,
2000 SBH LLC, 2170 SBH LLC, 74560 SBH LLC,
SILVERBACK INVESTMENTS LLC, 248
SILVERBACK INVESTMENTS LLC, 1901
SILVERBACK INVESTMENTS LLC, 1919
SILVERBACK INVESTMENTS LLC,
SILVERBACK EQUITY PARTNERS LLC,
SILVERBACK MANAGEMENT SERVICES LLC,
SBH MANAGEMENT SERVICES LLC,
SILVERBACK MIDTOWN, LLC, SILVERBACK
VENTURES LLC, and DOES 1-10,

      Defendants.
_____/

### PLAINTIFFS' MOTION TO EFFECTUATE SUBSTITUTED SERVICE OF PROCESS UPON NON-PARTY SULMA TORRES VIA CERTIFIED MAIL AND EMAIL

Pursuant to Federal Rule of Bankruptcy Procedure 9016, which incorporates Federal Rule of Civil Procedure 45, Plaintiffs, Jeffrey Stower and Jason Robinson, as Foreign Representatives (the "Foreign Representatives") of Premier Assurance Group SPC, Ltd. (the "Debtor"), by and through undersigned counsel, respectfully submit this Motion to Effectuate Substituted Service of Process upon non-party Sulma Torres by way of United States Postal Service Certified Mail, and email.

### INTRODUCTION

The Foreign Representatives seek to depose Ms. Torres in connection with the instant litigation. To that end, they issued a Subpoena Duces Tecum (the "Subpoena") and have made *thirteen* unsuccessful attempts to serve Ms. Torres at *six* different addresses, including a residential property owned by Ms. Torres in Miami-Dade County, Florida. In addition to apparently residing

2

in North Bay Village, Miami-Dade County, Florida, Ms. Torres is the Head of Business Operations at M1 Specialty—a business owned and operated by Defendants Leonardo Cornide and Jorge Falcon (together, the "Founder Defendants"), which is headquartered in St. Kitts and Nevis. Ms. Torres, however, is a remote employee, based in Miami, Florida. *See* **Exhibit A**. Upon information and belief, Ms. Torres is also an employee at Beast Capital LLC, which is also owned by the Founder Defendants and headquartered in Miami, Florida. *See* **Exhibit B**.

As numerous courts within the Eleventh Circuit, including this Court, have recognized, personal service is unnecessary to effectuate proper service under Federal Rule of Civil Procedure 45(b)(1). A non-party may properly be served with a subpoena to testify via various methods, including certified mail, email, FedEx, and/or UPS. As further detailed below, the Foreign Representatives have attempted to personally serve Ms. Torres numerous times. The Foreign Representatives have also (1) attempted substituted service on her husband; (2) asked the Founder Defendants to accept service on Ms. Torres's behalf, which request was denied; and (3) even tried to contact Ms. Torres by both telephone and email. The Foreign Representatives have exercised due diligence in attempting to effectuate personal service upon Ms. Torres, who appears to be concealing her whereabouts. Because personal service is unnecessary under Rule 45(b)(1) and based on the time afforded to the Foreign Representatives to complete extensive discovery in this matter, the Foreign Representatives request an order from this Court granting them leave to effectuate substituted service on Ms. Torres via USPS Certified Mail at each of her known physical addresses as detailed *infra*, with a copy to her known email addresses.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Ms. Torres works remotely from Miami, Florida, as the Head of Business Operations at M1 Specialty, a company owned by the Founder Defendants. *See* Ex. A.

3

2. Prior to her employment at M1 Specialty, Ms. Torres worked as the Vice President for the Founder Defendants at Beast Capital LLC, and as the Vice President of Administration at the Debtor. *See* Ex. A. Upon information and belief, Ms. Torres has also held various titles with certain of the other affiliated entities that are parties to this lawsuit.

3. The Foreign Representatives are attempting to serve Ms. Torres with the Subpoena in order to take her deposition in connection with the instant litigation.

4. Given Ms. Torres's business relationship with the Founder Defendants, prior to attempting personal service, counsel for the Foreign Representatives contacted counsel for the Founder Defendants and their affiliated entities, and asked whether he would accept service on behalf of Ms. Torres.[1] Their counsel advised that he was not authorized to do so.[2]

5. Thus, the Foreign Representatives pursued personal service on Ms. Torres.

6. The Foreign Representatives conducted an independent investigation to ascertain every physical address associated with Ms. Torres within the State of Florida. Ms. Torres is married to Piero Vitale ("Mr. Vitale"), and together they own the property located at 7901 Hispanola Avenue, Apartment 805, North Bay Village, Florida 33141 (the "Miami-Dade Residence"). The Miami-Dade Residence is also the address used by Ms. Torres on her Voter Registration and Florida Driver License. *See* **Exhibit C**.

7. In addition to the Miami-Dade Residence, based on their independent investigation, the Foreign Representatives were able to determine that Ms. Torres is also associated with the

---

[1] Given the relationship between the Founder Defendants and Ms. Torres and that she is presently employed by them, service on their counsel is likely to result in receipt of the Subpoena by Ms. Torres, which is all that is required by Rule 45.

[2] Despite that they are unwilling to accept service of the Subpoena, counsel for the Founder Defendants advised that the Founder Defendants intend to retain counsel for Ms. Torres to defend the deposition once she is served.

4

following personal addresses: 3747 N.W. 31st Avenue, Okeechobee, Florida 34972; and 225 N.E. 23rd Street, Apt. 610, Miami, Florida 33137 (together with the Miami-Dade Residence, the "Residential Addresses"). *See* Ex. C.

8. The Foreign Representatives have thus far attempted service on Ms. Torres at every address they were able to link to Ms. Torres in some way. Specifically, the Foreign Representatives attempted to serve her at each of the Residential Addresses, the offices where Ms. Torres is believed to work for the Founder Defendants, M1 Specialty's purported headquarters, and her husband's place of business.[3]

9. The process server attempted to serve Ms. Torres on five separate occasions at her Miami-Dade Residence.

    a. On October 10, 2023, at 5:40 p.m., a process server attempted to serve Ms. Torres at her Miami-Dade Residence, but there was no answer. *See* **Exhibit D**. The process server was advised by a building concierge named Julie that no one was at the Miami-Dade Residence, as the apartment remained not rented and vacant. *Id*.

    b. On October 11, 2023, at 6:18 p.m., a server again attempted to serve Ms. Torres at her Miami-Dade Residence, but there was no answer, and building security did not provide information on Ms. Torres's whereabouts. *See* **Exhibit E**.

    c. On October 12, 2023, at 7:50 p.m.; and on October 13, 2023, at 8:17 a.m., respectively, the Foreign Representatives' process server again

---

[3] Rule 45(b)(1) allows for service on the subpoenaed party's spouse. *See, e.g.*, *In re Falcon Air Exp., Inc.*, No. 06–11877–BKC–AJC, 2008 WL 2038799, at *1, *4 (Bankr. S.D. Fla. May 8, 2008) (holding that service on the deponent's wife satisfied Rule 45).

unsuccessfully attempted to serve Ms. Torres at her Miami-Dade Residence. *See id.*

    d. On October 19, 2023, at 7:50 a.m., a process server again tried to serve Ms. Torres at her Miami-Dade Residence. *See id.* This time the server learned from the front desk supervisor that though Ms. Torres still owns the unit, she has been renting it out since July 8, 2022.

10. The Foreign Representatives also attempted to serve Ms. Torres at the other two of the Residential Addresses, which, upon information and belief, are associated with Ms. Torres.

    a. On October 5, 2023, at 3:00 p.m. and October 6, 2023, at 7:00 p.m., a process server attempted to serve Ms. Torres at 3747 N.W. 31st Avenue, Okeechobee, Florida 34972. *See* **Exhibit F**. The first of these attempts was met with no answer. *Id*. On the second attempt, the current resident answered and advised the process server that: (1) she did not know Ms. Torres, and (2) Ms. Torres did not live at that address. *Id*.

    b. On October 12, 2023 at 5:46 p.m., a server attempted to serve Ms. Torres at 225 N.E. 23rd Street, Apt. 610, Miami, Florida 33137, and spoke to Marisol Castro. *See* **Exhibit G**. Ms. Castro told the server that Ms. Torres did not live at this address, and the leasing office refused to provide information on the residents. *Id*.

11. The process server additionally attempted to serve Ms. Torres at the office location affiliated with various of the Founder Defendants' businesses, 2020 Ponce De Leon Boulevard, Suite 1107, Coral Gables, Florida 33134 (the "Founder Defendants' Offices").

    a. On October 11, 2023, at 9:45 a.m., a server attempted to serve Ms. Torres at the Founder Defendants' Offices, but the front desk clerk advised the server that Ms. Torres was working from home. Ex. D. The clerk did not provide the server with Ms. Torres's home address or telephone number, but did provide her email address. *Id*.

    b. On October 12, 2023, at 9:42 am, the server again tried to serve Ms. Torres at the Founder Defendants' Offices, where a receptionist again confirmed that Ms. Torres worked at that location. Ex. G. However, the receptionist said Ms. Torres was not in the office at the moment, and she did not know Ms. Torres's schedule. *Id*.

12. On October 16, 2023 at 1:07 p.m., a server attempted to serve Ms. Torres at M1 Specialty's purported headquarters, located at the Modern Executive Workspaces, 221 W. Hallandale Beach Boulevard, Hallandale, Florida 33009. *See* Ex. E; **Exhibit H**. The building receptionist advised the process server that she did not know Ms. Torres or the company at which she is employed, M1 Specialty.

13. Finally, the Foreign Representatives attempted to effectuate service on Ms. Torres through her husband, Mr. Vitale.[4]

    a. On October 18, 2023 at 11:40 a.m., a process server visited Mr. Vitale's employer, The PPI Group, at 1500 W. Cypress Creek Road, Suite 403, Fort Lauderdale, Florida 33309. *See* **Exhibit K**. The door was locked and no lights were on in the suite. *Id*.

---

[4] Mr. Vitale's LinkedIn profile indicates that he works at The PPI Group. *See* **Exhibit I**. The PPI Group's registered principal address is 1500 W Cypress Creek Road, Suite 403, Fort Lauderdale, Florida 33309. *See* **Exhibit J**.

  b. On October 20, 2023 at 1:15 p.m., a server again attempted to serve Mr. Vitale at his employer's address. *Id.* The door was locked and no lights were on in the suite. *Id.*

14. In sum, the Foreign Representatives attempted to serve Ms. Torres, via process server, on thirteen different occasions: eight times at the Residential Addresses, two times at the Founder Defendants' Offices, one time at the M1 Specialty headquarters, and two times at Mr. Vitale's place of business.

15. Additionally, before the filing of this Motion, counsel for the Foreign Representatives attempted to contact Ms. Torres via telephone and email[5] to determine whether there were any other methods, means, or addresses at which Ms. Torres would accept service. Ms. Torres neither answered nor returned the missed call, nor did she respond to the email correspondence.

## LEGAL ARGUMENT

Rule 45(b)(1) requires only that a subpoena be served by "delivering a copy to the named person." Though the Eleventh Circuit has not commented on the issue, various courts within the Circuit have held that Rule 45 does not require personal service; rather, it requires service reasonably calculated to ensure receipt of the subpoena by the witness. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Maistrenko*, No. 19-MC-20850, 2019 WL 7790855, at *3 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted*, No. CV 19-20850-MC, 2020 WL 486271 (S.D. Fla. Jan. 30, 2020) (finding that "Rule 45 does not require personal delivery of the subpoena in order

---

[5] The email correspondence sent suggests that Ms. Torres's email addresses remain active. The Foreign Representatives did not receive any rejection notices or bounce-back emails. In fact, Ms. Torres's M1 Specialty email address generated an automatic reply out-of-office message, advising that Ms. Torres would not be checking her email from October 30–31, 2023, indicating that the account is otherwise regularly monitored. *See* **Exhibit L**.

8

to effectuate service"); *TracFone Wireless, Inc. v. Nektova Group, LLC*, 328 F.R.D. 664, 667 (S.D. Fla. 2019); *In re MTS Bank*, No. 17-21545-MC-WILLIAMS/TORRES, 2018 WL 1718685, at *4 n.3 (S.D. Fla. Mar. 16, 2018); *Bozo v. Bozo*, No. 12-CV-24174-WILLIAMS, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013); *S.E.C. v. Rex Venture Grp., LLC*, No. 5:13–MC–004–WTH–PRL, 2013 WL 1278088, at *3 (M.D. Fla. March 28, 2013); *TracFone Wireless, Inc. v Does 1-5*, No. 11–cv–21871–MGC, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011); *Codrington v. Anheuser-Busch, Inc.*, No. 98–2417–CIV–T–26F, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999); *In re Falcon Air Exp., Inc.*, No. 06–11877–BKC–AJC, 2008 WL 2038799, at *1, *4 (Bankr. S.D. Fla. May 8, 2008). To be sure, "the relevant inquiry is whether service of the subpoena was 'reasonably calculated' to ensure receipt of the subpoena by the deponent," *In re Viacao Itapemirim, S.A.*, 608 B.R. 268, 272–73 (Bankr. S.D. Fla. 2019) (citing *In re Falcon Air Exp.*, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008)).[6]

Further, numerous courts in this Circuit have determined that service of non-party subpoenas or required notices via FedEx or UPS comport with due process and afford sufficient notice. *See, e.g.*, *Nektova*, 328 F.R.D. at 667; *TracFone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1363–64 (S.D. Fla. 2015); *Tim Hortons USA, Inc. v. Singh*, No. 16-23041-CIV-GOODMAN, 2017 WL 1326285, at *9 (S.D. Fla. Apr. 5, 2017); *Warsteiner Importers Agency, Inc. v. Republic Nati'l Distrib. Co.*, No. 08-CV-1156-T-24TGW, 2008 WL 4104568, at *6 (M.D. Fla. July 31, 2008). For purposes of a court's ultimate analysis of the sufficiency of service via

---

[6] This Court has previously rejected the argument "that substitute service of a subpoena must be accomplished under Florida law." *In re Viacao*, 608 B.R. at 272. More particularly, this Court noted that "Florida law is relevant to the adequacy of service of a summons and complaint under Rule 4(e)(1), Fed. R. Civ. P., and Rule 7004(a)(1), Fed. R. Bankr. P." *Id.* Thus, service of a Subpoena under Civil Rule 45(b)(1) and Bankruptcy Rule 9016 need not "be made at the person's usual place of abode." *Id.*

9

alternate, non-personal means of service, it is irrelevant that the deponent does not presently reside at the particular address where the subpoena was sent. *See In re Viacao*, 608 B.R. at 274 (citing *In re Falcon Air*, 2008 WL 2038799, at *4).[7] Instead, the focus is on whether the method ensured proper and timely receipt. *Id.*

The Foreign Representatives have made diligent inquiries and exerted significant efforts to acquire the information necessary to personally serve Ms. Torres, including by running a search for any affiliated addresses and attempting to contact her via telephone. The Foreign Representatives attempted personal service on Ms. Torres at every address they were able to associate her with, including her Residential Addresses, her place of work, M1 Specialty's headquarters, and her husband's place of work. *See* Exs. D–G. K. As detailed above, the Foreign Representatives sent a process server to six different addresses on thirteen different occasions, over the course of sixteen days, in an effort to personally serve Ms. Torres. The Foreign Representatives then attempted to ascertain information from counsel for the Founder Defendants. Each of those attempts has been unsuccessful, and the process servers have been given conflicting information. *Compare, e.g.*, Ex. D *with* Ex. E (The Foreign Representatives' process servers were advised that Ms. Torres's Miami-Dade Residence was vacant, rented, and on another occasion that neither Ms. Torres nor Mr. Vitale resided there.). Finally, counsel for the Foreign Representatives emailed Ms.

---

[7] Through their conferral, counsel for the Founder Defendants stated that he had been advised that Ms. Torres is currently living in another country, possibly Italy, with her husband. Importantly, opposing counsel informed the Foreign Representatives that he was not able to give any additional information absent a Court Order or formal discovery request. Yet again, this information serves only to inject additional confusion and further conceal Ms. Torres's whereabouts. Even if true, this would not preclude the Foreign Representatives from properly effectuating service on Ms. Torres by alternative means. *See In re Viacao*, 608 B.R. at 274 (rejecting the deponent's argument for quashal of a subpoena based on his alleged presence in Brazil at the time of service because he "maintained a presence at the [Miami-based property] sufficient for service on him at that location to be reasonable under Rule 45"). Ms. Torres owns residential property in Miami-Dade County, Florida, and works for M1 Specialty, which is based in Miami, Florida.

Torres at each of her affiliated email addresses, requesting that she provide an address for service or, alternatively, agree to waive service. To date, Ms. Torres has not responded to the email communications.

At this juncture, substituted service via USPS Certified Mail and email is necessary to serve Ms. Torres with the Subpoena. The Foreign Representatives have made extensive inquiry into Ms. Torres's whereabouts but have thus far been unsuccessful. Substituted service at each of the physical addresses identified herein, as well as at each known email address, is reasonably calculated to ensure Ms. Torres's receipt of the Subpoena. Given that the Subpoena will be delivered to, *inter alia*, Ms. Torres's Miami-Dade Residence, the offices of the business where she works, and various of her email addresses, service is highly likely to result in proper notice.

Ms. Torres appears to be concealing her whereabouts to evade service of process or is otherwise unwilling to provide sufficient information to effectuate service. Because personal service is not required by the plain text of Rule 45(b)(1), the Foreign Representatives should be permitted to serve her via alternative means.[8] Accordingly, the Foreign Representatives respectfully request that the Court permit them to effectuate service by way of USPS Certified Mail and email correspondence delivery, as permitted by Rule 45(b)(1).

## SERVICE OF THIS MOTION

As is more fully set out below in the Certificate of Service accompanying this Motion, notice of the Motion will be served on Ms. Torres (among others) by first class U.S. mail, postage prepaid, at her multiple mailing addresses and via e-mail.

---

[8] The Foreign Representatives acknowledge that the text of Rule 45(b)(1) also requires the subpoenaing party to "tender[] the fees for 1 day's attendance and the mileage allowed by law." The Foreign Representatives will send a check for the requisite amount pursuant to title 28 U.S. Code section 1821(b)–(c), together with the Subpoena sent to Ms. Torres's Miami-Dade Residence.

11

## CONCLUSION

The Foreign Representatives respectfully request the Court grant this Motion to Effectuate Substituted Service of Process and permit the Foreign Representatives to effectuate substituted service of process on non-party Sulma Torres via USPS Certified Mail at each of the physical addresses where personal service was attempted and at each of her known email addresses.

Dated: November 16, 2023 **BAKER & MCKENZIE LLP**

/s/ *John R. Dodd*
Mark D. Bloom (Fla. Bar No. 303836)
William V. Roppolo (Fla Bar No. 182850) (*pro hac vice*)
John R. Dodd (Fla. Bar No. 38091)
Jodi A. Avila (Fla. Bar No. 102787) (*pro hac vice*)
1111 Brickell Avenue, 10th Floor
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953
Email: mark.bloom@bakermckenzie.com
   john.dodd@bakermckenzie.com
   william.roppolo@bakermckenzie.com
   jodi.avila@bakermckenzie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served simultaneously upon docketing on all counsel of record or pro se parties identified below via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing in this case on November 16, 2023.

/s/ <i>John R. Dodd</i><br>
John R. Dodd

**Electronic Mail Notice List**

The following is the list of persons or entities who are currently on the list to receive email notice/service for this case:

Adv. No. 22-01259-RAM

- Mark D. Bloom mark.bloom@bakermckenzie.com, bkcyecf@bakermckenzie.com
- John R. Dodd john.dodd@bakermckenzie.com, bkcyecf@bakermckenzie.com
- Jonathan S. Feldman feldman@katiephang.com, service@katiephang.com
- Linda W Jackson LJackson@PardoJackson.com, asanchez@pardojackson.com; mfuentes@pardojackson.com
- James B Miller bkcmiami@gmail.com
- Reginald Sainvil reginald.sainvil@bakermckenzie.com, bkcyecf@bakermckenzie.com

Adv. No. 22-01260-RAM

- Brett M Amron bamron@bastamron.com, mdesvergunat@bastamron.com, jmiranda@bastamron.com,kjones@bastamron.com
- Mark D. Bloom mark.bloom@bakermckenzie.com, bkcyecf@bakermckenzie.com
- John R. Dodd john.dodd@bakermckenzie.com, bkcyecf@bakermckenzie.com
- Jonathan S. Feldman feldman@katiephang.com, service@katiephang.com
- Linda W Jackson LJackson@PardoJackson.com, asanchez@pardojackson.com; mfuentes@pardojackson.com
- James B Miller bkcmiami@gmail.com
- Reginald Sainvil reginald.sainvil@bakermckenzie.com, bkcyecf@bakermckenzie.com

**Manual Notice**

- Sulma Torres via email at storres@m1specialty.com, storres28@gmail.com, and susut1024@gmail.com; and via first class U.S. Mail at the following addresses:
    - 7901 Hispanola Avenue, Apartment 805, North Bay Village, Florida 33141;
    - 3747 N.W. 31st Avenue, Okeechobee, Florida 34972;
    - 225 N.E. 23rd Street, Apt. 610, Miami, Florida 33137;
    - 2020 Ponce De Leon Boulevard, Suite 1107, Coral Gables, Florida 33134;
    - 221 W. Hallandale Beach Boulevard, Hallandale, Florida 33009; and
    - 1500 W. Cypress Creek Road, Suite 403, Fort Lauderdale, Florida 33309.